IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH P. GRAUNSTADT JR, | No. C 10-03225 SI |
| Plaintiff, | **ORDER GRANTING MOTION TO AMEND COMPLAINT, GRANTING MOTION TO REMAND AND REMANDING TO CONTRA COSTA COUNTY SUPERIOR COURT** |
| v. | |
| USS-POSCO INDUSTRIES, | |
| Defendant. | |

Plaintiff has filed a motion to amend the complaint and a motion to remand this action to state court. The motions are scheduled for hearing on October 7, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing.

Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS both plaintiff's motion to amend the complaint and plaintiff's motion to remand, and REMANDS this action to Contra Costa County Superior Court.

**BACKGROUND**

Plaintiff Kenneth Graunstadt operates Delta Scrap and Salvage and Graunstadt Enterprises, a recycling facility. Compl. ¶¶ 1-2. In May 2009, plaintiff bought obsolete electrical equipment from Defendant USS-POSCO Industries ("UPI"), a steel company. *Id.* ¶¶ 9-10. Plaintiff alleges that at the time of the sale, he was not informed that the equipment contained waste oil contaminated with polychlorinated biphenyls ("PCBs"). *Id.* PCBs are toxic chemicals, and their release into the environment is prohibited by both state and federal statutes. *Id.* ¶ 9. Throughout plaintiff's interactions with UPI, UPI employee Mike Brevig was plaintiff's primary point of contact. *Id.* ¶¶ 9-10.

After plaintiff moved the equipment to his facilities and begin dismantling it, plaintiff's employees allegedly discovered waste oil leaking from the equipment, which contaminated plaintiff's property. *Id.* ¶ 11. Plaintiff's employees attempted to dispose of the oil by returning some to UPI and putting the rest in its on site motor oil receptacles. *Id.* ¶¶ 12-13. Fremouw Environmental Services ("Fremouw"), a waste oil recycler, picked up the oil from plaintiff and delivered it to Evergreen Oil ("Evergreen"). *Id.* ¶ 14. Evergreen, however, discovered that the oil contained PCBs in levels above the hazardous waste limits. *Id.* The oil allegedly contaminated both Fremouw and Evergreen's oil storage tanks and equipment, and plaintiff was forced to pay them damages. *Id.* ¶ 15. Furthermore, plaintiff's own facility allegedly was contaminated, incurring additional damages. *Id.* ¶ 16.

Plaintiff originally filed suit in Contra Costa County Superior Court, alleging six causes of action: (1) fraud/concealment, (2) negligence, (3) violation of Health and Safety Code § 25250.26, (4) violation of California Business & Professions Code § 17200, et seq., for fraudulent, unfair, and unlawful business practices, (5) trespass, and (6) nuisance. *Id.* ¶¶ 17-57. Plaintiff originally named only UPI and its two parent companies, United States Steel Corporation and Pohang Steel America Corporation,[1] as defendants. On July 23, 2010, UPI removed the case to federal court, predicating jurisdiction on diversity of citizenship. The grounds for removal were uncontested.

The instant motion seeks to amend the complaint, joining California resident Brevig as a defendant to the fraud cause of action. As joinder of Brevig would destroy diversity jurisdiction, plaintiff has also moved to remand this case to Contra Costa County Superior Court pursuant to 28 U.S.C. § 1447(e).

**LEGAL STANDARD**

If a plaintiff wishes to join additional defendants whose joinder would destroy federal diversity jurisdiction after removal from state court, the court may deny joinder, or permit joinder and remand to state court. 28 U.S.C. § 1447(e). "Congress added subsection (e) to § 1447 with the express purpose of taking advantage of the opportunity opened by removal from a state court to permit remand if a

---

[1] Plaintiff voluntarily dismissed these two parent companies on June 23, 2010.

2

plaintiff seeks to join a diversity-destroying defendant after removal." *IBC Aviation Servs., Inc. v. Compañia Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing H.R. Rep. No. 100-889, at 72-73). Whether to permit joinder under § 1447(e) remains an issue of sound discretion for the court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *IBC*, 125 F. Supp. 2d at 1011; *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). Generally, however, when weighing whether to permit joinder, a court should consider: (1) whether the party plaintiff seeks to join is required for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would bar an action against defendant in state court; (3) whether the joinder is untimely, or there has been an unexplained delay in its request; (4) whether joinder is intended solely to destroy diversity jurisdiction, (5) whether the claim against the defendant appears valid, and (6) whether denial of joinder will prejudice the plaintiff. *IBC,* 125 F. Supp. 2d at 1011 (citing *Palestini*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)). Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder.

## DISCUSSION

Defendant contends that joinder of Brevig should not be permitted under § 1447(e), primarily because plaintiff seeks to join Brevig solely for the improper purpose of defeating diversity jurisdiction. The factors relevant to determining whether joinder of a non-diverse defendant should be permitted are considered below.

### I.     Federal Rule of Civil Procedure 19(a)

Plaintiff does not address whether Brevig is a necessary party under Federal Rule of Civil Procedure 19(a).[2] Defendant argues that Brevig is not a necessary party because the case can proceed

---

[2] Plaintiff's motion incorrectly argued that Rule 15, regarding amending a complaint as a matter of course, governs this case. As a result, he did not fully analyze the case under the § 1447(e) factors. As defendant correctly points out, however, joinder of diversity-destroying defendants is governed by § 1447(e), rather than Rule 15. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *Trotman v. United Parcel Serv.*, No. C-96-1168-VRW, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996).

3

without Brevig, as his presence will not affect the merits of the case. Defendant also argues that because UPI acknowledges that it is responsible for Brevig's actions under respondeat superior, even if Brevig is not joined, the parties will not be subjected to inconsistent obligations nor will the Court's ability to accord complete relief be impaired.

When deciding whether to permit joinder of a non-diverse defendant, courts generally first consider whether the defendant would be joined under Rule 19(a). *IBC*, 125 F. Supp. 2d at 1011. Rule 19(a), which governs the joinder of necessary parties, requires joinder of persons whose absence would preclude the grant of complete relief, impede their ability to protect their interests, or subject a party to the risk of incurring inconsistent obligations. Fed. R. Civ. P. 19(a); *IBC*, 125 F. Supp. 2d at 1011. A necessary party is one having an interest in the controversy, and who ought to be made a party to the action to enable the court to do complete justice and adjust the rights of the parties accordingly. *IBC*, 125 F. Supp. 2d at 1011. "This standard [for the joinder of necessary parties] is met when failure to join will lead to separate and redundant actions [in different forums]." *Id.* (citing *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991)). However, although joinder under § 1447(e) employs a Rule 19 analysis, joinder under § 1447(e) is in fact more permissive than joinder under Rule 19. *Id.* at 1011-12. Courts permit joinder of non-diverse defendants under § 1447(e) where the proposed defendants are closely related to the cause of action or where their absence would prevent the grant of complete relief between the parties. *Id.* at 1012 (citing *Red Buttons v. Nat'l Broad. Co.*, 858 F. Supp. 1025, 1027 (C.D. Cal. 1994)).

In this case, plaintiff seeks to join the very employee, Brevig, whose conduct allegedly made UPI liable for fraud. If the facts alleged are true, UPI cannot be found liable for fraud without first finding that Brevig intentionally did not disclose that the equipment contained oil contaminated with PCBs, Brevig knew that the equipment did in fact contain oil contaminated with PCBs, Brevig intended to deceive plaintiff with this concealment, plaintiff reasonably relied on this misrepresentation, and plaintiff has suffered damages as a result. The factual nexus is so great, that denying joinder and forcing plaintiff to seek redress against Brevig in state court would lead to redundant litigation and potentially inconsistent results and obligations. The fraud claim against Brevig is closely related to that pending against UPI, and accordingly counsels in favor of joinder.

4

## II.   Statute of Limitations

As plaintiff acknowledges, the statute of limitations does not bar him from filing suit in state court. The events giving rise to plaintiff's cause of action against Brevig took place from April to June, 2009, and there is a three-year statute of limitations for causes of action based on fraud. Cal. Civ. Proc. Code § 338(d).

Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because he could still theoretically seek relief from state court. *See Clinco*, 41 F. Supp. 2d at 1083. But where, as here, requiring a plaintiff to litigate essentially identical issues turning on the same facts in two forums would waste judicial resources and invite the risk of inconsistent results, the fact that a statute of limitations has not yet tolled should not prevent joinder. *See, e.g.*, *IBC*, 125 F. Supp. 2d at 1012. Accordingly, this factor does not count significantly against Plaintiff.

## III.   Untimely Joinder

Courts generally consider the delay between removal from state court and a plaintiff's motion to amend in determining whether to permit joinder of a non-diverse defendant. *See, e.g.*, *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (denying motion to amend complaint and join non-diverse defendant that was filed more than six months after removal and just days before the court's consideration of a summary judgment motion); *IBC*, 125 F. Supp. 2d at 1012. Courts also consider the procedural posture of the case. *See Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 534 (N.D. Cal. 1989). For a motion to amend to be granted, it is important that the litigation has not yet made considerable progress. *See id.*

The Court finds that there has not been undue delay in joining Brevig. Plaintiff filed the instant motion to amend the complaint and motion to remand on August 12, 2010, less than one month after the case was removed to federal court on July 23, 2010. No discovery has taken place, no other motions have been filed by either party, and the first case management conference has not yet occurred. The motion is timely, which counsels in favor of joinder.

5

### IV.  Motive for Joinder

Defendant argues that Brevig should not be joined because plaintiff's sole motivation in attempting to join him is to defeat the federal court's diversity jurisdiction, so that the case will be remanded to state court. In support of this assertion, defendant points to the fact that plaintiff knew of Brevig's involvement in the case from the beginning of the dispute, but did not attempt to join Brevig as a defendant until UPI removed the case to federal court. Defendant also points to plaintiff's failure to offer an alternative explanation as to why he did not name Brevig as a defendant in the original complaint. Plaintiff responds that motive for joinder is a minor consideration among many in a court's decision to join a non-diverse party.

The motive of a plaintiff in seeking joinder of a non-diverse defendant is relevant to a court's decision as to whether to grant leave to amend his original complaint. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980) (superseded by 28 U.S.C. § 1447(e) (1996)); *IBC*, 125 F. Supp. 2d at 1012. The joinder of non-diverse defendants for the sole purpose of divesting a federal court of diversity jurisdiction is improper, and courts should closely scrutinize such motives. *Desert Empire Bank*, 623 F.2d at 1376. On the other hand, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC*, 125 F. Supp. 2d at 1012 (citation omitted). Because of this, "when considering motive, courts often consider whether plaintiff is attempting unreasonably to delay proceedings." *Gunn v. Wild*, No. C-01-4320 VRW, 2002 WL 356642, at *5 (N.D. Cal. Feb. 26, 2002) (citation omitted).

Because of the early stage of litigation in the present case, plaintiff is not attempting unreasonably to delay proceedings. There are no decisive motions pending before the Court, and the first case management conference has not yet occurred. Furthermore, plaintiff seeks to join an employee of UPI who is allegedly the source of UPI's liability for fraud. On the whole, this factor weighs in favor of allowing joinder of Brevig.

### V.  Validity of Claims

If a plaintiff seeking joinder states meritorious claims against a non-diverse defendant, joinder is favored. *See, e.g.*, *IBC*, 125 F. Supp. 2d at 1012; *Clinco*, 41 F. Supp. 2d at 1083; *Goodman v.*

6

*Travelers Ins. Co.*, 561 F. Supp. 1111, 1113-14 (N.D. Cal. 1983). Plaintiff seeks leave to amend his complaint to assert a claim for fraud against Brevig. Under California law, the elements of a fraud claim are: "(a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Agric. Ins. Co. v. Superior Court*, 82 Cal. Rptr. 2d 594, 603 (Cal. Ct. App. 1999) (citation omitted).

Defendant does not dispute that plaintiff has asserted a valid fraud claim against Brevig. In his proposed first amended complaint, plaintiff alleges that Brevig intentionally did not disclose that the equipment contained waste oil contaminated with PCBs, Brevig knew that the equipment did in fact contain contaminated oil, Brevig intended to deceive plaintiff with this misrepresentation, plaintiff reasonably relied on this misrepresentation, and plaintiff has suffered damages as a result. Plaintiff has thus provided information sufficient to state a valid, potentially meritorious fraud claim against Brevig. Given the fact that UPI's potential liability for fraud is derivative from its agent's, this counsels heavily in favor of allowing joinder.

## VI. Prejudice to Plaintiff

Finally, a court must consider whether significant prejudice to plaintiff would result from the denial of joinder. Significant prejudice to plaintiff results where claims against proposed non-diverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results or forego its valid claims. *See IBC*, 125 F. Supp. 2d at 1013. The prospect of such prejudice befalling a plaintiff should weigh in favor of joinder. *Id.*

Plaintiff would suffer significant prejudice if joinder of Brevig were denied. Denying plaintiff's motion would force him to forego his valid claim against Brevig, or begin wasteful and redundant litigation on the same issues in state court at the risk of inconsistent results. At the same time, little prejudice to defendant would result from permitting joinder. As discussed above, the parties have not begun conducting discovery, the first case management conference has not yet occurred, and no other motions are currently pending before the court. The prejudice to plaintiff which would result if the

7

Court denied his motion therefore exceeds any that might fall to defendant if the Court granted the motion. For this reason, this factor counsels in favor of joining Brevig.

**VII. Balancing of the Six Factors**

Weighing the six factors collectively, the Court finds that permitting the joinder of Brevig is warranted. Although the statute of limitations has not tolled, the other five factors weigh in favor of joinder. Brevig is a necessary party to the litigation, and joinder would thus conserve judicial resources and avoid the risk of inconsistent results in different forums. Plaintiff's motion to amend the complaint was not unreasonably delayed or untimely. Plaintiff does not have an improper purpose for joining Brevig, as plaintiff is not attempting to unreasonably delay proceedings. In addition, as there appears to be potential evidence of Brevig's alleged fraud, plaintiff has a valid claim against Brevig. Finally, defendant would not be significantly prejudiced by joinder and remand to state court. The Court finds that Brevig should be joined as a defendant.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to amend the complaint (Docket No. 8), and accordingly REMANDS to the Contra Costa County Superior Court (Docket No. 9).

**IT IS SO ORDERED.**

Dated: October 5, 2010

SUSAN ILLSTON
United States District Judge